United States District Court
Southern District of Texas
**ENTERED**
May 07, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MAGIN LUIS CABALLERO, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:23-cv-03255 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before me is a Motion to Dismiss, or Alternatively, Motion to Transfer filed by Defendant the United States of America (the "United States"). Dkt. 19. Having reviewed the briefing, the record, and the applicable law, I recommend the United States' Motion to Dismiss be **DENIED**, its Motion to Transfer be **GRANTED**, and this matter transferred to the United States District Court for the Middle District of Florida where venue is proper.

## BACKGROUND

Plaintiff Magin Luis Caballero ("Cabellero") brings this action pursuant to the Public Vessels Act ("PVA"), 46 U.S.C. §§ 31101–31113, for personal injuries he allegedly sustained while working aboard the RV Petrel (the "Vessel"). The Vessel is a 76-meter research vessel owned by the U.S. Navy. On March 22, 2023, the Vessel was drydocked in Leith, Scotland. While Caballero was working in the galley, strong winds dislodged the Vessel, causing it to topple over. Several seamen were injured, including Caballero. At some point thereafter, the Vessel was moved from Scotland to Tampa Bay, Florida, arriving in Florida on June 28, 2023. Although the Vessel has shifted locations within Tampa Bay several times, the Vessel remains in Tampa Bay, having not moved since its arrival on June 28, 2023.

On September 1, 2023, Caballero filed the instant suit, naming the United States and the U.S. Navy.[1] The United States has moved to dismiss this action for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), or alternatively, to transfer venue to the Middle District of Florida.

## LEGAL STANDARDS

### A.   RULE 12(b)(3)

Rule 12(b)(3) allows a party to move to dismiss an action for improper venue. "Once a defendant raises the issue of proper venue by motion, the burden of sustaining venue lies with the plaintiff." *Psarros v. Avior Shipping, Inc.*, 192 F. Supp. 2d 751, 753 (S.D. Tex. 2002). "[U]nder . . . Rule 12(b)(3), the court is permitted to look at evidence in the record beyond simply those facts alleged in the complaint and its proper attachments." *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009) (quotation omitted). "The court may find a plausible set of facts by considering any of the following: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.* (cleaned up).

### B.   VENUE UNDER THE PVA

It is undisputed that the PVA governs this action. The PVA waives the United States' sovereign immunity for "damages caused by a public vessel of the United States." 46 U.S.C. § 31102(a)(1). Under the PVA, venue is proper only "in the district court of the United States for the district in which the vessel or cargo is found within the United States." *Id.* § 31104(a). If the vessel or cargo are outside territorial waters, venue will lie in "any district in which any plaintiff resides or has an office," or "in the district court of the United States for any district" *if* no plaintiff resides or has an office in the United States. *Id.* § 31104(b). "The district where the

---

[1] Acknowledging the redundancy of suing both the United States and the U.S. Navy, Caballero noticed the dismissal of the U.S. Navy on January 10, 2024, *see* Dkt. 16, which Judge George C. Hanks, Jr. granted on January 11, 2024. *See* Dkt. 18.

vessel is found is the district in which the vessel is physically located at the time the complaint is filed." *Wade v. Bordelon Marine, Inc.*, 770 F. Supp. 2d 822, 826 (E.D. La. 2011); *see also Dueitt v. United States*, 204 F. Supp. 3d 1373, 1374 (S.D. Fla. 2016) ("A public vessel is 'found' in the district in which the vessel is physically present at the time of filing the complaint.").

Regarding applicable procedure, the PVA provides that "[a] civil action under this chapter is subject to the provisions of chapter 309 of this title except to the extent inconsistent with this chapter." 46 U.S.C. § 31103. Chapter 309 provides that "[o]n a motion by a party, the court may transfer the action to any other district court of the United States." *Id.* § 30906(b). In *Henderson v. United States*, the Supreme Court noted that "Congress simultaneously added to the Suits in Admiralty Act, the Public Vessels Act, and the Federal Tort Claims Act the transfer provision just set out so that 'jurisdictional' dismissals could be avoided when plaintiffs commenced suit under the wrong statute." 517 U.S. 654, 667 (1996). The Supreme Court stressed that § 30906's "venue and transfer provisions afford plaintiffs multiple forum choices and spare plaintiffs from dismissal for suing in the wrong place." *Id.* (quotation omitted). Thus, if venue is improper, § 30906 permits transfer to a district court where venue is proper.

\* \* \*

With these principles in mind, I turn to the question of where venue lies.

## ANALYSIS

**A.     VENUE IS PROPER ONLY IN THE MIDDLE DISTRICT OF FLORIDA**

The United States has presented two declarations showing that the Vessel has been located in Tampa Bay since June 2023, including on September 1, 2023, the day Caballero instituted this suit. *See* Dkt. 19-1 at 1–2; Dkt. 19-2 at 1. Thus, under the PVA, venue is proper only in the United States District Court for the Middle District of Florida. Rather than accept this definitive evidence and black-letter law, Caballero responds with several inaccurate statements of law and inadmissible evidence.

3

For example, Caballero attacks the declaration of Joshua Henson ("Henson") as hearsay because it is does not satisfy the requirements of an unsworn declaration under Texas Civil Practice and Remedies Code § 132.011. But this is federal court. Not only is this federal court—this federal court is exercising exclusive admiralty jurisdiction. *See* U.S. CONST. art. III, § 2, cl. 1. Texas state law has no relevance to this proceeding whatsoever. Henson's declaration comports, to the letter, with 28 U.S.C. § 1746. *Compare* 28 U.S.C. § 1746(2) ("If executed within the United States . . .: 'I declare . . . under penalty of perjury that the foregoing is true and correct.'"), *with* Dkt. 19-2 at 1 ("Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct."). Henson clarifies that his personal knowledge derives from his position as "a full-time employee of the United States Navy" and "as the Technical Manager for [the Vessel]." Dkt. 19-2 at 1. Henson declares under penalty of perjury that "on September 1, 2023, the date Mr. Caballero filed suit, the M/V PETREL was found on the territorial waters of the United States, always afloat, alongside at Tampa Ship LLC in Tampa, Florida." *Id*. This statement alone definitively establishes that venue is proper *only* in the Middle District of Florida.[2] Caballero's attempts to avoid this inevitability are all unavailing.

Caballero's complaints about Henson's declaration are curious given that his own declaration is rife with hearsay. According to Caballero's live pleading, he "was transported back to the United States weeks" after his March 2023 injury. Dkt. 17 at 3. Taking this allegation as true, Cabellero was not present when the Vessel moved from Scotland to Tampa. Indeed, the evidence Caballero himself submitted demonstrates that he does *not* have personal knowledge of the Vessel's movements because he had to contact other crewmembers to find out when the Vessel was relocated to Florida. *See* Dkt. 20-3 at 1 ("do me a favor, I'm trying to find out where

---

[2] Because Henson's declaration establishes that the Vessel was in the Middle District of Florida on the date this suit was filed, I do not reach Caballero's arguments challenging the declaration of Terry Fluke.

4

the accident boat really is"). The statements of those crewmembers—out-of-court statements offered for the truth of the matter asserted—are quintessential hearsay. *See* FED. R. EVID. 801(c).[3] But even if these statements were not hearsay, they contradict Caballero's other evidence and his own allegations. According to these crewmembers, the Vessel arrived in Florida in September 2023. *See* Dkt. 20-2 at 1; Dkt. 20-3 at 1. But according to the ship-tracking data that Caballero submits, the Vessel did not arrive in Tampa until October 10, 2023. *See* Dkt. 20-4 at 1. Moreover, that same data shows the Vessel *leaving* Scotland on November 14, 2022, which is months *before* Caballero alleges he was injured in Scotland. *See id*. This unreliable, contradictory evidence is insufficient to rebut Henson's declaration.

Were there any question regarding the Vessel's location on the date this suit was filed, the United States attached the declaration of Mark Gisclair ("Gisclair"), who "oversee[s] the shipyard where in the R/V PETREL is currently located" to its reply. Dkt. 22-1 at 1. Gisclair declares under penalty of perjury that "[o]n September 1, 2023, the R/V PETREL was afloat . . . in Tampa, Florida." *Id*. It has been more than two months since this declaration was filed, and Caballero has not objected to it or requested to file a sur-reply. Accordingly, venue is proper only in the Middle District of Florida.[4]

---

[3] Caballero appears to believe that statements by these crewmembers are attributable to the United States and thus exempted from the hearsay rule as statements of a party opponent. *See* Dkt. 20 at 20 n.64 (citing FED. R. EVID. 801(d)(2)(D)). Yet, it is the proponent of the hearsay statement who bears the burden to show that the statement falls within an exception or exclusion to the hearsay rule. *See Loomis v. Starkville Miss. Pub. Sch. Dist.*, 150 F. Supp. 3d 730, 742–43 (N.D. Miss. 2015). To show that an employee's statements fall within the party opponent exemption, the statement's proponent must show that the statements were "within the scope of [the employee's] employment." *Ramirez v. Gonzales*, 225 F. App'x 203, 210 (5th Cir. 2007). As the United States notes, Caballero "gives no details regarding when they were first assigned to the ship, or what their position is aboard the ship by which they possess personal knowledge." Dkt. 22 at 10. Thus, Caballero fails to establish that these hearsay statements are exempted.

[4] Caballero also argues that the United States has not shown where the Vessel's *cargo* was on the date this suit was instituted. The United States retorts that a research vessel does

**B.     TRANSFER TO THE MIDDLE DISTRICT OF FLORIDA IS PROPER**

The United States argues for the first time in its reply—and in direct contradiction to other authority cited in its Motion[5]—that because Caballero filed in the wrong district, the PVA's waiver of sovereign immunity does not apply and this action should be dismissed. The United States bases this argument on a single, out-out-circuit opinion: *In re United States*, 491 F. Supp. 3d 1036 (D. Utah 2020). The United States does not explain why it did not cite this opinion—issued nearly four years ago—in its Motion. Tellingly, the United States continues to request transfer in the alternative to dismissal, despite its newfound argument that such transfer is impermissible. The United States fails to account for the fact that the single most important sentence in *United States*—that "it would be inconsistent with the PVA's plain language to permit venue to be transferred to another district"—is pure *ipse dixit*, unsupported by any law or even secondary sources. *Id.* at 1041. Most importantly, the United States fails to explain the disconnect between this opinion and the prevailing, majority view that venue transfer is proper even where the United States has restricted its waiver of sovereign immunity to a specific venue. *See Gimutao v. United States*, No. 3:20-cv-1868, 2020 WL 7625119, at *2 (S.D. Cal. Dec. 22, 2020) (transferring improperly filed PVA case to district where venue was proper under § 31104(a)); *Dueitt*, 204 F. Supp. 3d at 1376 (same); *Tobar v. United States*, No. G-07-003, 2007 WL 1296717, at *2 (S.D. Tex. Apr. 30, 2007) (same); *Gaines v. United States*, No. CCB-04-0055, 2004 WL 3007091, at *1 (D. Md. Aug. 9, 2004); *Jones v. United States*, No. 89-3465, 1989 WL 129345, at *1 (E.D. Pa. Oct. 25, 1989) (same); *Sneed v. United States*, No. C79-3057, 1980 WL 6688477 (N.D. Cal. Mar. 13, 1980) (same); *Sherman v. United States*, 246 F. Supp. 547, 548 (W.D. Mich. 1965) (same).

---

not carry cargo. To the extent Caballero disagrees, it is his burden to establish otherwise. *See Psarros*, 192 F. Supp. 2d at 753.

[5] In its Motion, citing *Henderson*, the United States said: "Courts have held that section 1406(a) is the appropriate authority to transfer venue in PVA cases." Dkt. 19 at 3 n.2.

Accordingly, I reject the United States' belated and legally unsupported argument that this case should be dismissed. Instead, because the Vessel was located in Tampa Bay when this suit was filed, this matter should be transferred to the United States District Court for the Middle District of Florida where venue is proper.

## CONCLUSION

For the reasons discussed above, I recommend the United States' Motion to Dismiss be **DENIED**, its Motion to Transfer be **GRANTED**, and this matter transferred to the United States District Court for the Middle District of Florida where venue is proper.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 7th day of May 2024.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE